L'Union St. Jean Baptiste de Pawtucket *vs.* Thomas Ostiguy.

PROVIDENCE—NOVEMBER 23, 1903.

Present: Stiness, C. J., Dubois and Blodgett, JJ.

(1)  *Beneficial Associations.   Dues.   Contracts.   Forfeiture.   Expulsion.*

Defendant was a member of an incorporated beneficial association. Dues and assessments were payable in advance. Under the by-laws, those in default ceased to be members. The beneficiary was to receive from the society, in case of a death, as many dollars as there were members. The payment was postponed thirty days, and the members had the same time in which to make their payments; but they were in default at the time originally fixed for payment, and not entitled to benefits or the mutual aid fund during the period of grace. After defendant had been removed from the rolls of the society for non-payment of dues plaintiff brought suit to recover such dues:—

*Held*, that, where a penalty was provided for a default, it was a waiver of other remedies for the same default.

*Held*, further, that under the by-laws the assessments were not debts recoverable at law.

Assumpsit. Heard on exceptions to ruling of District Court, and exceptions sustained.

Stiness, C. J. The plaintiff, an incorporated beneficial society, whose members are subject to monthly dues, brings this action to recover dues, for nonpayment of which the defendant has been stricken from the rolls of the society.

The defendant pleaded the fact that he had been removed from the rolls, whereby the plaintiff had exhausted its remedy, and to this plea the plaintiff demurs. The District Court of the Tenth Judicial District sustained the demurrer, and

the defendant brings the case here on exceptions to that decision.

(1)    The simple question is whether a society can sue a member for dues after having expelled him for nonpayment.

We think the question must be answered in the negative.

As a general rule, when a penalty is enforced for a default it is a waiver of other remedies for the same default under the contract. The plaintiff claims, however, that the collection of past dues is a right of the society, which is unaffected by the penalty of expulsion.

An obvious reply to this position is that dues are paid for the benefits and privileges of membership. So long as a member pays them he is entitled, in this respect, to remain a member. The society, in its by-laws, elects to take the forfeiture of membership in lieu of unpaid dues, because, if it can collect the dues after the forfeiture the member would no longer be in default and the reason for expulsion would no longer remain, yet he would stand legally expelled. Recovery of such dues at law amounts to compelling a member to perform his part without giving him the benefits of membership.

Membership and liability for dues are correlative. One cannot stand without the other. It is a *quasi* contract. But if a contract provides for a payment of money, and in default thereof for the forfeiture of something else, an action, after forfeiture has been exacted, cannot be maintained for the money under the contract. A forfeiture which has been enforced amounts to a satisfaction of the contract.

Aside from these general considerations, there have been some decisions upon the question of a member's legal liability for assessments.

*Nash* v. *Russell*, 5 Barb. 556 (1849), before beneficial societies were so numerous as now, held that a member was not liable at law for dues, nor for a note which he had given for them, because the note was not based upon a consideration of legal obligation, the payment being voluntary, or, at most, resting on moral obligation only. Since then, societies of this kind have been recognized as of the nature of insurance com-

panies, and in some cases membership is treated as a contract.

*Ellerbe* v. *Barney*, 119 Mo. 632, held that a forfeiture clause did not discharge a member from past society debts or dues, his promise to pay the assessments, when called, being the consideration for his insurance as a member. It was a decision of four judges against three. The action was brought by the state superintendent of insurance, to recover assessments to pay the designated amount due on the death of a member. The superintendent had been appointed receiver of the society and sued, as such, to recover money from the members at the time to pay the claims against it. The insurance in that case was treated like insurance in a mutual company, where members are liable on all losses occurring during their membership in the company, though the membership may then have ceased. *Provident Mut. Association* v. *Pelissier*, 69 N. H. 606, followed *Ellerbe* v. *Barney*. *McDonald* v. *Ross*, 36 N. Y. Sup. Ct. 87, was also an assessment for a death loss, which was treated as a mutual insurance contract. *Palmetto Lodge* v. *Hubbell*, 2 Strob. 457, held that a member was liable for all dues after *suspension*, if the by-laws so provide. The court pointed out the distinction between a suspended and an expelled member. "According to the by-laws, a suspended member may be reinstated on paying the amount charged against him. An expelled member can be readmitted only on the terms and conditions of a new member." One under suspension was still a member and could be assessed.

*Commonwealth* v. *Wetherbee*, 105 Mass. 149, held that the issue and acceptance of a certificate, whereby the company agreed to pay a fixed sum on the death of a member, and the members also agreed to pay a fixed sum on their part to make up the amount payable on the certificate, was mutual insurance. The promises were mutual, and so also was the liability. The case, however, was an indictment for doing insurance business contrary to law.

On the other hand are cases which hold that an expelled

member is not liable for dues and assessments in a' society of this kind.

Thus *Lehman* v. *Clark*, 174 Ill. 279, recognized the insurance feature as equivalent to mutual insurance, but held that it was a unilateral contract, and whether the payment for insurance be termed a premium or an assessment, the right of the association or company is to declare a forfeiture and not to recover the assessment or premium in a suit.

In *Chicago* v. *Hunt*, 127 Ill. 257, the court said: "While the certificate of membership is a contract, such contract, in the absence of express stipulations to the contrary, is purely unilateral. It may be enforced against the association where the member has performed all the prescribed conditions, but none of its stipulations are enforcible against the member. If he fails to pay his assessments or dues, or does any act forbidden by the certificate of membership, the certificate becomes void and the membership ceases. But the making of an assessment or the maturing of dues does not make the member a debtor to the association so as to authorize it to bring a suit for its recovery in case of his neglect or refusal to pay. Payment is left wholly to his discretion."

To the same effect is *In re Protection Co.*, 9 Biss. (U. S. 7th Cir.) 188. See also 2 May on Ins. 3rd ed. § 341 a. This is the accepted rule in ordinary life insurance. The insured pays his premium when he takes his policy, and it is optional with him to continue or not when it expires. No company would consider that it had a right to sue for a premium after forfeiture. No wrong is done under this rule. Premiums are payable in advance; and thus the insured pays for his insurance while he has it; and then he drops it. The conditions of the society in this case are not substantially different. Dues and assessments are payable in advance. When a member ceases to pay he has already paid for all the time for which he has had benefit. The defaulted payment is for future benefits which he does not choose to continue. This is right and proper, and in strict analogy to other insurance. Where insurance has been procured for a fixed sum, upon mutual promises to make up the amount, there is a much more distinct con-

tract and a clearer reason for holding one liable under it than in the present case.    Here the contract is that the beneficiary shall receive from the society, in case of a death, as many dollars as there are members.    The number of members is liable to vary, and the member is presumed to take notice that under the by-laws those in default will cease to be members. The payment is postponed thirty days, and the members have the same time within which to pay their assessments.    The postponement of payment to the beneficiary is not for the purpose of collecting the money, because, assessments being in advance, the fund is already in hand at the time of the member's death, and the assessment thereupon becoming due is for the next death that may take place.    It would seem, therefore, as if the reason for delay might be to ascertain the number of members who are in good standing at the time, as the basis on which the payment is to be made.    However this may be, it shows a difference between the ordinary contract of mutual insurance to pay proportionally for all losses during membership, and advance payments upon which membership is to depend.

Another difference between a society of this kind and insurance companies proper is that benefit societies usually give a term of grace, as in this case, of thirty days, within which payment can be made; while other companies, formerly at least, required payment on the anniversary of the date of the policy.    The object of this term of grace, however, is, apparently, to enable the member to avoid expulsion, and not a provision to affect the contract; for he is in default at the expiration of the time originally fixed for payment in the by-laws, and under them he is not entitled to benefits or to the mutual aid fund while so in default.    He therefore does not have benefits after default, which otherwise might be regarded as a consideration for liability for dues.    See art. 24, § 2;  art. 27, § 10;  art. 30;  art. 31, § 3;  art. 33, § 2;  art. 33.    A term of grace accorded by a society cannot make that a debt which is not a debt, nor create an equitable liability of one member by a provision which is made for its own benefit or for the accommodation of all its members.    It amounts to an extension

of the time of payment within which a member may reinstate himself.

We think that under the by-laws in this case assessments are not debts recoverable at law.

The exception to the ruling of the District Court sustaining the plaintiff's demurrer to the defendant's plea is sustained.

*Hugh J. Carroll,* for plaintiff.

*Thomas Riley, Jr.,* for defendant.

